IN THE COURT OF CRIMINAL APPEALS


OF TEXAS








WR-40,347-02





 

EX PARTE BOBBY LEE HINES






APPLICATION FOR WRIT OF HABEAS CORPUS


IN CAUSE NUMBER W91-21511-I FROM THE


CRIMINAL DISTRICT COURT #2 OF DALLAS COUNTY




Per Curiam. Johnson, J., joined by Price and Cochran, JJ., concurs in the denial of relief.


ORDER



 This is a subsequent application for writ of habeas corpus filed pursuant to Texas
Code of Criminal Procedure, Article 11.071.

 On March 20, 1992, a jury found applicant guilty of the offense of capital murder. 
After the jury answered the special issues submitted under Texas Code of Criminal
Procedure, Article 37.071, the trial court assessed punishment at death. This Court affirmed
applicant's conviction on direct appeal. Hines v. State, No. 71,442 (Tex. Crim. App. May
10, 1995). Applicant filed his original writ of habeas corpus on April 1, 1997; the
application was denied by this Court on February 24, 1999. On December 3, 2003, applicant
filed this second application for writ of habeas corpus alleging he is mentally retarded. On 


 HINES -2-

December 9, 2003, this Court found that the claim in this subsequent application met the
requirements for consideration under Article 11.071, Section 5 and the application was
remanded to the convicting court for resolution of the claim.

 The convicting court has entered extensive findings of fact and conclusions of law. 
The judge of the convicting court entered these findings after reviewing the evidence
presented by affidavit in the application, the response of the State and the record from trial. 
While the habeas judge did not hear the testimony at trial and did not conduct a evidentiary
hearing, we review with deference his findings of fact unless they are clearly erroneous. See
Manzi v. State, 88 S.W.3d 240, 242-44 (Tex. Crim. App. 2002).

 There is conflicting evidence, in the form of expert witness affidavits, as to whether
applicant suffers from mental retardation. The trial court reviewed not only the opinions of
the experts, but the evidence upon which the experts based their opinions to evaluate the
level of applicant's intellectual functioning. The trial court also assessed the evidence of
applicant's adaptive behavioral functioning according to the guidance from this Court in Ex
parte Briseno, 135 S.W.3d 1, 8-9 (Tex. Crim. App. 2004). While we have said that the better
practice is to conduct a live hearing in cases such as this, see Ex parte Simpson, 136 S.W.3d
630 (Tex. Crim. App. 2004), the evidence before the trial court was extensive and we did not
specify that a live hearing was necessary when we remanded the case.




HINES -3-

 This Court has reviewed the record. The findings and conclusions of the trial court,
that applicant is not mentally retarded, are supported by the record. We adopt the findings
and conclusions of the trial court and upon such basis the relief sought by applicant is denied.

 IT IS SO ORDERED THIS THE 23RD DAY OF NOVEMBER, 2005.

Do Not Publish